IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-549-BO

| | |
|---|---|
| TYAISHA SMALLEY o/b/o<br>V.J. a minor child,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security*,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>)<br>) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on December 15, 2016, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff Smalley, on behalf of her minor son V.J., brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying V.J.'s claim for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed for SSI on May 2, 2012, alleging V.J.'s disability since February 9, 2012. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

"An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In assessing a childhood SSI claim, an ALJ engages in a three step sequential evaluation as provided in 20 C.F.R. § 416.924.

Here, at step one, the ALJ determined that V.J. had not engaged in substantial gainful activity since his alleged onset date. The ALJ found the claimant's post-traumatic stress disorder (PTSD), anxiety, and attention deficit hyperactivity disorder (ADHD) to be severe impairments at step two, but found at step three that V.J. did not have an impairment or combination of impairments which met, medically equaled, or functionally equaled the severity of one of the listed impairments (Listing). Thus, the ALJ concluded that V.J. had not been disabled since the date of his application.

Although the ALJ correctly followed the three-step evaluation process for assessing childhood disability claims, his finding at step three is not supported by substantial evidence. In

2

determining whether a claimant has an impairment or combination of impairments which functionally equals the Listings, the ALJ considers the claimant's functioning in six domains. 20 C.F.R. § 416.926a. To functionally equal the Listings, a claimant must be found to have either "marked" limitations in two domains or "extreme" limitations in one domain. *Id.* The ALJ found in his functional domain analysis that V.J. had marked limitations in the domain of attending and completing tasks, but less than marked limitation in the domains of interacting and relating with others and acquiring and using information. Tr. 29-32. The ALJ further found that V.J. had no limitation in the remaining functional domains of moving and manipulating objects, the ability to care for himself, and health and physical well-being. Tr. 32-34.

Plaintiff contends and the Court agrees that substantial evidence does not support the ALJ's finding that V.J. had less than marked limitations in the domain of interacting and relating to others. This domain concerns "how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." Tr. 31. A marked limitation is one which is more than moderate but less than extreme, and which seriously limits day-to-day functioning. 20 C.F.R. § 416.926a(e)(2)(i). As bases for his finding that V.J. had less than marked limitations in this domain, the ALJ noted that V.J.'s social deficits have warranted enhanced services, that his teacher's questionnaire showed that V.J. served in a small self-contained class, and that V.J. reported that he made friends easily and engaged in sports. Tr. 32.

Although the ALJ uses V.J.'s needing enhanced services at school and enrollment in a small, self-contained class as evidence that his limitations are less than marked, such limitations

in fact are evidence that V.J.'s has serious limitations in this domain. Moreover, V.J.'s own statement that he makes friends easily is not supported by the record. For example, in 2012, V.J. was reported to have hit, slapped, and punched a child and hit and scratched another child who attempted to stop V.J. while riding the school bus. Tr. 355. The bus driver was forced to pull over in order to stop V.J. *Id.* Also in 2012, V.J.'s teachers reported that V.J. had to be restrained, threatened another student, had yelling and screaming tantrums, punched another child in the head, splashed water in other students' faces, destroyed a new pencil, and used profanity toward his teachers. Tr. 356-62. In 2013, V.J. was reported to have chased and hit a child with his fists, threatened to kill his teacher, and kicked and bit a teacher. Tr. 365-67. V.J.'s teacher noted that he became easily frustrated when told no and that he tended to play alone. Tr. 374. A summary of evaluation worksheet for a child with serious emotional disability prepared in 2013 noted that V.J. has struggled with his behavior since preschool and that, while his behavior had improved dramatically since entering kindergarten, V.J. continued to display "significant emotional and behavioral problems that may impede his learning or the learning of others in the classroom." Tr. 381-82.

During a 2014 evaluation, V.J.'s mother noted that he sometimes acts like he cannot be in control and V.J. was found to have "difficulty managing his emotions . . . and displays many feelings through physical aggression and property destruction." Tr. 691. A licensed clinical social worker asked to review V.J.'s case in 2014 noted that he was detached from others, had a restricted affect, and had irritability/anger and concentration problems. Tr. 719.

While the record supports that V.J. is an intelligent child who has plainly made progress while in school with support from his teachers and his mother, it further plainly supports a

4

finding that he continues to have marked limitations in the domain of interacting and relating to others, most specifically in cooperating with others, complying with rules, responding to criticism, and respecting and taking care of the possessions of others.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and there is no ambivalence in the record. The record properly supports a finding that V.J. suffers from marked limitations in two domains of functioning and is therefore disabled under 20 C.F.R. section 416.926a(a). Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

5

Case 5:15-cv-00549-BO   Document 26   Filed 03/01/17   Page 5 of 6

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion for judgment on the pleadings [DE 22] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this ___1___ day of ~~February~~ March, 2017.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6